ORIGINAL
D+F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ZBIGNIEW ROGULSKI, JACEK
CHOJNOWSKI, IRENEUSZ CYCHO, ROMAN
DRAGANKIEWICZ, RAFAL MALEK, and
WIESLAW MALEK,

MEMORANDUM & ORDER
Case No. 04 CV 3652 (FB) (JMA)

Plaintiffs,

-against-

SLAWOMIR CHROSTOWSKI, ROBERT
WIELGOLASKI, EUGENIA ZAJDA, ERIC
ZAJDA, KAMDAR, INC., and JOHN DOES 1-5
individuals no yet known to Plaintiffs,

Defendants.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ FEB 1 7 2006 ★
BROOKLYN OFFICE

*Appearances:*
*For the Plaintiff:*
ROBERT WISNIEWSKI, ESQ.
Robert Wisniewski & Associates P.C.
225 Broadway, Suite 612
New York, NY 10007

*For Defendant Wielgolaski:*
MARK CORTEGIANO, ESQ.
65-12 69th Place
Middle Village, NY 11379

*For Defendant Chrostowski:*
MANNY A. FRADE, ESQ.
Mastropietro & Associates LLC
111 Broadway
Suite 1403
New York, NY 10006

**BLOCK, Senior District Judge:**

On January 31, 2005, plaintiffs filed an amended complaint seeking, *inter alia,* compensatory damages for unpaid wages and overtime, statutory liquidated damages and attorneys' fees under the Fair Labor Standards Act ("FLSA") and New York State Minimum Wage Act ("NYMWA"). Because three of the defendants have failed to respond

to the amended complaint or otherwise defend against this action, plaintiffs moved for an entry of default against those defendants, namely Eugenia Zajda ("E. Zajda"), Deric Zajda ("D. Zajda") and Kamdar, Inc. ("Kamdar") (collectively, "defaulting defendants"), which the Clerk of the Court granted. *See* Docket No. 25. Thereafter, counsel for plaintiffs filed an Affidavit in Support of Default Judgment with respect to their FLSA and NYWMA claims against the defaulting defendants; although plaintiffs have not filed a motion for default judgment, the Court will construe the affidavit as one. For the reasons set forth below, the Court awards default judgment and the matter is referred to Magistrate Azrack for an inquest on damages.[1]

## I.

When a party moves for judgment against an adverse party in default, the Court, in its discretion, may enter judgment against the defaulting party. *See* Fed. R. Civ. P. 55(b)(2). Although it is clear that E. Zajda, D. Zajda and Kamdar have defaulted, a court may also consider whether the facts alleged in the complaint state a valid cause of action in determining whether a default judgment should be entered. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("a district court has discretion under [Fed. R. Civ. Pro.] 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action").

---

[1] The Court prematurely referred the action to Magistrate Judge Azrack for an inquest on damages when it received plaintiff's affidavit although it had not yet awarded a default judgment.

The FLSA requires an "employer" to pay each of his "employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce" a minimum wage, *see* 29 U.S.C. § 206(a)(1), and a "rate not less than one and one-half times the regular rate at which he is employed" for any hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(1). Similarly, NYWMA requires "employers" to pays its "employees" a minimum wage and overtime. *See* N.Y. Labor Law 652 (minimum wage); 12 N.Y.C.R.R. § 142-2.2 (overtime).

Having reviewed the amended complaint, the Court concludes that it contains sufficient factual allegations to state a valid claim under both the FLSA and NYWMA. It clearly states that (1) the plaintiffs and defaulting defendants were respectively employees and employers as defined by the FLSA and the NYWMA; (2) the defaulting defendants were engaged in commerce as defined in the FLSA; and (3) the plaintiffs worked for the defaulting defendants more than 40 hours per week without being paid minimum wage and/or overtime. *See, e.g., Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 343 (4th Cir.2005) (holding that the complaint stated a claim under the FLSA where it alleged that parties were an employer and employees "within meaning of act"). Accordingly, default judgment is warranted against the defaulting defendants in respect to the plaintiffs' FLSA and NYWMA claims.

II.

Default judgment against E. Zajda, D. Zajda and Kamdar is granted as to the plaintiffs' FLSA and NYWMA claims.

**SO ORDERED.**

_____
FREDERIC BLOCK
United States District Judge

Brooklyn, New York
February 14, 2005